JOSEPH PORTER, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

On the trial of an indictment for gaming it was in proof that the parties played for checks or "chips," which represented certain sums, which chips, when presented, were redeemed by the dealer at the price they represented:

*Held*, that this was playing for a thing of value, and the conviction was right.

Criminal law. Gaming. Before Judge HOPKINS. Fulton Superior Court. April Term, 1873.

Porter was placed on trial for the offense of gaming. He pleaded not guilty. The evidence showed that at the time charged in the indictment the defendant engaged in a game of "ten cent faro." That he had four or five "checks or chips" which he placed on a card as a bet; that these checks each represented ten cents, and would be redeemed by the dealer at that price when presented.

There was no testimony showing that the defendant paid any money for said checks.

The jury returned a verdict of guilty. The defendant moved for a new trial, because the verdict was contrary to the evidence. The motion was overruled, and defendant excepted.

A. B. CULBERSON, for plaintiff in error.

JOHN T. GLENN, solicitor general, for the state.

McCAY, Judge.

The statute makes gaming to consist of playing, etc., "for money or other thing of value." Why are not "checks," "chips," and things of this character, just as much things of value as bank notes? They are both of them only the representatives of value. If a check is good when presented to the banker or dealer for twenty-five cents or one dollar, according to its stipulated value, we are unable to see how it fails to come within the statute any more than if the keeper of the bank had written his formal promise to pay, or the bet had been for as much money as the check or chip represents. In fact, that is the truth of the case. The bet is really for money, and the check is merely to aid in keeping the account as well as for convenience.

We suspect this case is only brought here for delay and not really to test the legality of the conviction, and we are sorry we are not able to add to the penalty fixed by the judge for this trifling with the public tribunals.

Judgment affirmed.